IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRENDA L. REESE                          )
                                         )
            Plaintiff,                   )
                                         )
   -vs-                                  )         Civil Action 20-1214
                                         )
KILOLO KIJAKAZI,[1]                      )
                                         )
     Commissioner of Social Security     )

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Synopsis

Plaintiff Brenda L. Reese ("Reese") brought this action for review of the final decision of the Commissioner of Social Security denying her claim for social security benefits. Reese contends that she became disabled on June 29, 2018. (R. 12). She was represented by counsel at a hearing before an Administrative Law Judge ("ALJ") in October 2019. (R. 28-53). During the hearing both Reese and a vocational expert ("VE") testified.  Ultimately, the ALJ denied benefits. (R. 9-27). Reese has filed this appeal. The parties have filed Cross-Motions for Summary Judgment. See ECF Docket Nos. 20 and 21.

### Opinion

1.  Standard of Review

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) and 1383(c)(3)(7). Section 405(g) permits a district court

---

[1] Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021, replacing Andrew Saul.

to review the transcripts and records on which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. § 706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. *Burns v. Barnhart,* 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence has been defined as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler,* 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker,* 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence.  Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.*  The Commissioner's findings of fact, if supported by substantial evidence, are conclusive.  42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979); *Richardson,* 402 U.S. at 390, 91 S. Ct. 1420.

A district court cannot conduct a *de novo* review of the Commissioner's decision, or re-weigh the evidence; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998); *S.E.C. v. Chenery Corp.,* 332 U.S. 194, 196-7, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses,

and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." *Brunson v. Astrue*, 2011 WL 2036692, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

    2. <u>The ALJ's Decision</u>

At step one, the ALJ determined that Reese had not engaged in substantial gainful activity since June 29, 2018, the alleged onset date. (R. 14). At step two, the ALJ found that Reese suffered from the following severe impairments: multiple sclerosis, neuropathy, depression, bipolar disorder, and anxiety. (R. 14-15). Turning to the third step, the ALJ concluded that those impairments, considered singly or in combination, did not meet or medically equal the severity of a listed impairment. (R. 15-16). The ALJ then found that Reese had the residual functional capacity ("RFC") to perform sedentary work with certain restrictions. (R. 16-21). At the fourth step the ALJ concluded that Reese had no past relevant work. (R. 23). Ultimately, at the fifth step of the analysis, the ALJ determined that Reese was capable of performing work in jobs existing in significant numbers in the national economy. (R. 24). Consequently, the ALJ denied benefits.

    3. <u>Discussion</u>

Although Reese offers several bases for the reversal and remand of the ALJ's decision, this Court need only address one. Reese contends that there is an inherent unresolved conflict between the RFC and the jobs cited at Step Five. I agree.

During the hearing, the ALJ posed a hypothetical to the vocational expert. Specifically, he asked whether an individual with certain restrictions, who "is able to

understand, remember and carry out *simple* instructions," would be able to perform work in the national economy. (R. 49) (emphasis added). The VE responded in the affirmative, adding that the positions of addresser, document preparer and charge account clerk comply with that hypothetical. (R. 50). Based upon this testimony, the ALJ determined that Reese could perform sedentary jobs with certain additional restrictions, including the ability to understand, remember and carry out simple instructions. He then determined that, considering all of her limitations, as well as other relevant facts, jobs such as addresser, document preparer, and charge account clerk exist in significant numbers in the national economy that Reese can perform.

However, according to the DOT, the positions of document preparer and charge account clerk require Level 3 reasoning. (DOT 249.587-018 and 205.367-014). The position of addresser requires a Level 2 reasoning. (DOT 209.587-010). Yet the ALJ had described Reese as someone who "is able to understand, remember and carry out simple instructions." Significantly, this mirrors someone with Level 1 reasoning ("[a]pply commonsense understanding to carry out simple one- or two-step instructions. Deal with standardized situations with occasional or no variables in or from these situations encountered on the job.").[2] As I have previously recognized, "several courts have suggested that a reasoning level of 3 appears inconsistent with a limitation to short and

---

[2] The Government  states that "[e]ven if this Court were to find that the ALJ would have made an inquiry as to whether the document preparer … and charge account clerk … jobs with a reasoning level of 3 were incompatible with simple instructions … remand is not required because the addresser job … at reasoning level 2 still stands." (ECF 23, p. 6-7). Yet, as stated above, the ALJ identified Reese as someone who is able to "understand, remember and carry out simple instructions." This is akin to Level 1 reasoning. The position of addresser requires Level 2 reasoning. Level 2 reasoning requires the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations."  A difference between understanding, remembering and carrying out "simple" instructions and "detailed" instructions is significant and requires an explanation by the ALJ.

simple instructions." *Samella v. Saul*, Civ. No. 20-121, 2020 WL 5849709, at * 3 (W.D. Pa. Oct. 1, 2020), *citing, Keller v. Berryhill*, 754 Fed. Appx. 193 at 196-197 (4th Cir. 2018) (unpublished); *Karen Jean M. v. Saul*, No. 19-2455, 2020 WL 5057488, at * 1, 2020 WL 5057488, at * 1 (D. Kan. Aug. 27, 2020) (citing cases); and *Meloni v. Colvin*, 109 F. Supp.3d 734, 743 (M.D. Pa. 2015).

This gives rise to an apparent conflict between the DOT and the VE's testimony. SSR 00-4p provides guidance on this matter. *See* 2000 WL 1898704. It provides that "[o]ccupational evidence provided by a VE or VS generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between the VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled." Here, the VE noted that his testimony was consistent with the Dictionary of Occupational Titles ("DOT"). (R. 50). However, "[n]either the DOT nor the VE or VS evidence automatically 'trumps' when there is a conflict. The adjudicator must resolve the conflict by determining if the explanation given by the VE or VS is reasonable and provides a basis for relying on the VE or VS testimony rather than on the DOT information." SSR 00-4p, 2000 WL 1898704. Here, he did not. In this instance, the ALJ seemingly ignored the apparent conflict and made no effort to elicit further testimony from the VE.  I find that the ALJ fell short of meeting the requirements of resolving apparent conflicts between the VE, the DOT and the RFC. Reese is entitled to an explanation as to how such apparent conflict is reconciled by the ALJ. Consequently, I find that remand is warranted.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRENDA L. REESE                         )
                    Plaintiff,          )
                                        )
    -vs-                                )          Civil Action No. 20-1214
                                        )
KILO KIJAKAZI,                          )
                                        )
Commissioner of Social Security, Defendant.   )

AMBROSE, Senior District Judge.


## <u>ORDER OF COURT</u>

Therefore, this 2nd  day of September, 2021, it is hereby ORDERED that the

Motion for Summary Judgment (Docket No. 21) is DENIED and the Motion for Summary

Judgment (Docket No. 20) is GRANTED and this case is REMANDED for further

proceedings. The Clerk of Courts shall mark this case "Closed" forthwith.

BY THE COURT:

Donetta W. Ambrose
United States Senior District Judge